IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA THOMAS (BOP Register No. 47768-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-2910-L-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Katrina Thomas, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, because "it plainly appears … that [Thomas] is not entitled to relief." *Id.*

**Applicable Background**

In 2014, Thomas pleaded guilty to conspiracy to commit bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1349 (18 U.S.C. § 1344) and 2, and, on November 12, 2014, she was sentenced to a below-guidelines sentence of 48 months'

imprisonment. She did not file a direct appeal. And her Section 2255 motion raises but one ground for relief: "Thomas is requesting ... retroactivity under newly amended USSG 3B1.2, for a 2 point sentence level reduction," because she played only a "minor role" in the conspiracy. Dkt. No. 2.

During her criminal proceedings, Thomas failed to object to the presentence report's (the "PSR") failure to include U.S.S.G. § 3B1.2's mitigating role adjustment for minor participant. In fact, the PSR found that Thomas's offense level should be increased two levels under U.S.S.G. § 3B1.3, because she abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission of the offense. Thomas failed to object to this enhancement, and the Court accepted this finding in its statement of reasons.

The sentencing guidelines amendment that serves as the basis for the collateral relief Thomas now requests is Amendment 794, which revised not the text but the commentary to Section 3B1.2 – a provision of the sentencing guidelines that

> instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. The commentary to § 3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant."

*United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016) (quoting U.S.S.G. § 3B1.2; *id.* § 3B1.2 cmt. n.3(A)).

"The Guidelines Manual does not specify whether Amendment 794 is

retroactively applicable." *Id.* at 330 (citing U.S.S.G. § 1B1.10(d) (2015)). And, in *Gomez-Valle*, the United States Court of Appeals for the Fifth Circuit did not resolve the issue of whether Amendment 794, "an amendment to commentary of the relevant guideline" is retroactive, because "it is intended to clarify application of a guideline and was not intended to make any substantive changes to ... [the guideline] or its commentary." *Id.* (quoting *United States v. Huff*, 370 F.3d 454, 465-66 (5th Cir. 2004) (in turn quoting *United States v. Gross*, 26 F.3d 552, 555 (5th Cir. 1994)); internal quotation marks omitted).[1]

Regardless of any impact that the role adjustment may have had on her ultimate below-guidelines sentence, as explained below, the single issue she now raises is not cognizable in a Section 2255 motion.

## Legal Standards and Analysis

> [The Fifth Circuit] has noted repeatedly that "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). "Because a

---

[1] Although Thomas seeks relief under Section 2255, the undersigned notes that if her motion to vacate had been filed as a motion under 18 U.S.C. § 3582(c)(2), she would not be eligible for such relief on the basis of Amendment 794, because that amendment "is not listed in [U.S.S.G.] § 1B1.10 as retroactively applicable." *United States v. White*, Nos. 7:14CR00027 & 7:16CV81162, 2016 WL 4523288, at *2 (W.D. Va. Aug. 26, 2016) ("Section 1B1.10 lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is thus not retroactively applicable, White's request for a reduction under § 3582(c)(2) pursuant to this amendment has no legal validity and must be denied."); *accord United States v. Sanchez-Garcia*, CR-98-2073-FVS, 2016 WL 4521690, at *2 (E.D. Wash. Aug. 29, 2016).

challenge under section 2255 'may not do service for an appeal,' a movant may not raise constitutional or jurisdictional issues for the first time on collateral review without establishing 'both "cause" for his procedural default and "actual prejudice" resulting from the error.' " *Id.* at 741-42 (quoting *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992)).

*United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995).

"A district court's calculation under or application of the sentencing guidelines standing alone" – the sole claim presented in the Section 2255 motion – "is not the type of error cognizable under section 2255." *Id.*; *accord Gray v. United States*, No. 3:13-cv-3542-L, 2014 WL 1724444 (N.D. Tex. Apr. 30, 2014); *see also Altman v. United States*, Nos. C16-3097-MWB & CR12-3010-MWB, 2016 WL 5219599, at *2 (N.D. Iowa Sept. 21, 2016) ("[B]ased on Altman's argument, she is not entitled to relief under § 2255. Altman does not contend that her sentence was illegal when imposed, that it was imposed in violation of federal law, or any of the other reasons listed in § 2255(a). Instead, she argues for retroactive benefit of Amendment 794. Such a claim must be brought as motion under 18 U.S.C. § 3582, not a § 2255 motion." (citing *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995))).

For this reason, it "plainly appears" that Sanchez-Rodriguez "is not entitled to relief" on her Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

## Recommendation

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE